

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*     *(503) 727-1000*
*Portland, OR 97204-2902*               *Fax (503) 727-1117*

AUSA Ryan W. Bounds                    Desk (503) 727-1141

November 18, 2014

Celia Howes, Esq.
Hoevet, Boise, Olson, Howes P.C.
1000 SW Broadway, Suite 1500
Portland, Oregon 97205

      Re:    *United States v. Kyle Keoki Yamaguchi*, Case No. 3:14-cr-00282-KI-2
            Superseding Plea Offer

Dear Ms. Howes:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count 1 of the Indictment, which charges him with Conspiracy to Transport, Receive, and Sell Stolen Goods, in violation of 18 U.S.C. § 371, and to admit the Forfeiture Allegation.

3. **Penalties**: The maximum sentence for the offense charged in Count 1 is five years' imprisonment, a fine of $250,000, and 3 years of supervised release, in addition to a mandatory $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of his guilty plea or to explain to the Court why this cannot be done.

4. **No Prosecution on Other Charges**: Upon defendant's conviction pursuant to this agreement, the USAO shall dismiss Count 4 of the Indictment and forgo additional charges against defendant in the District of Oregon arising out of this investigation, insofar as they are known to the USAO as of the date and time of this letter.

5. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Celia Howes, Esq.
Re: *United States v. Kyle Keoki Yamaguchi*
November 18, 2014
Page 2

6. **Relevant Conduct**: The parties agree that defendant's relevant conduct involved his receipt and sale of stolen shoes worth at least $679,650. This conduct generates an offense level of 20 pursuant to USSG § 2B1.1(a)(2) and (b)(1)(H).

7. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in his offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8. **Recommendation of Downward Variance**: In light of defendant's waiver of motions and additional discovery, acceptance of responsibility for the full scope of the scheme of which the charged offenses were a part, and extraordinary cooperation in the investigation, the USAO agrees to recommend an additional nine-level downward variance from the otherwise applicable advisory Sentencing Guideline range. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Recommendation of Probation**: If defendant enters a timely plea of guilty and accepts responsibility as described in paragraphs 7-8, *supra*, the USAO agrees to recommend that the Court impose a sentence of five years' probation.

10. **Restitution**: This agreement is conditioned upon defendant's prior agreement with Nike, Inc., the victim of the charged offense, to pay full restitution forthwith pursuant to a civil settlement between defendant and the victim. In light of that settlement, defendant shall owe no restitution as a result of his conviction in this matter.

11. **Forfeiture Terms:**

    A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), including $21,750 in U.S. currency, $206,801 in U.S. currency, and a 2014 Mercedes, all of which were previously seized in this case and all of which defendant admits constitute the proceeds of defendant's criminal activity as set forth in Count 1 of the Indictment. Defendant agrees to the administrative forfeiture of the assets listed above, and further agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property, and agrees not to assist others in filing a claim in any forfeiture proceeding. Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-listed assets. Defendant knowingly and voluntarily

Celia Howes, Esq.
Re: *United States v. Kyle Keoki Yamaguchi*
November 18, 2014
Page 3

waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of these assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

**B.** **Money Judgment**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to a money judgment in the amount of $50,000 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which defendant admits represents additional proceeds of defendant's criminal activity set forth in Count 1 of the Indictment. This money judgment shall not be joint and several with defendant's co-defendants. Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of this money judgment. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of this money judgment, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of this money judgment shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture, nor is it satisfied in whole or in part by the assets referenced in paragraph 11.A, *supra*. Defendant agrees that forfeiture of substitute assets as authorized pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of defendant's sentence.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court at sentencing. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Defendant expressly agrees that this waiver shall remain effective in the event that the USAO alters its sentencing recommendation as provided in paragraphs 7–9, *supra*, or if defendant breaches this agreement as described in paragraph 15, *infra*.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or the presentence investigation report (PSR). Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR-writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: It is expressly understood and agreed by the parties that, in addition to any violation of the terms herein stated, it shall constitute a material breach of this Plea Agreement by defendant if he, after executing this agreement, commits any further crime or violates any condition of release or supervision imposed by the Court (whether or not such crime or violation results in new charges or revocation of release or supervision).

If defendant breaches this agreement, the USAO shall be relieved of any obligation under this agreement, but defendant may not withdraw any guilty plea or his waiver of appeal and post-conviction relief as described in paragraph 12, *supra*.

16. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

(Continued on next page.)

Celia Howes, Esq.
Re: *United States v. Kyle Keoki Yamaguchi*
November 18, 2014
Page 5

---

16. **Deadline**: This plea offer expires if not accepted by noon on December 2, 2014.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

RYAN W. BOUNDS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

12/16/14
Date

Kyle Keoki Yamaguchi
Defendant

I am legal counsel for defendant. I have carefully reviewed and discussed every part of this plea offer with defendant. To my knowledge defendant's decisions to accept this agreement and to plead guilty are informed and voluntary ones.

12-16-14
Date

Celia Howes, Esq.
Attorney for Defendant