S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**RYAN W. BOUNDS**, OSB #00012
Assistant United States Attorney
ryan.bounds@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR   97204-2902
Telephone:   (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:14-CR-00282-KI-2 |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| KYLE KEOKI YAMAGUCHI, | Sentencing: March 31, 2015, at 10:30 a.m. |
| Defendant. | |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, and through Assistant United States Attorney Ryan W. Bounds, hereby submits this memorandum setting forth the government's position on sentencing.   This matter is scheduled for sentencing on March 31, 2015.

The government reviewed the draft Presentence Investigation Report (PSR) and submitted no objections or requests for additions or deletions.

///

///

## I.     CRIME OF CONVICTION

On December 17, 2014, pursuant to a plea agreement with the government, defendant Kyle Keoki Yamaguchi pled guilty to Count 1 of the Indictment in this case, which charged him with Conspiracy to Transport, Receive, and Sell Stolen Goods in violation of 18 U.S.C. §§ 371, 2314-15.  Defendant also admitted the forfeiture allegation and agreed to forfeit $50,000 as proceeds of his illegal activity by way of a money judgment.[1]  Upon his sentencing pursuant to the parties' agreement, the government will move to dismiss Count 4 of the Indictment (charging defendant with the substantive offense of transporting stolen goods in interstate commerce).

As described in the Indictment and PSR, defendant is a former employee of Nike, Inc.  He conspired with TUNG WING HO, his successor as a promotional product manager in Nike's basketball division, to procure unauthorized and fraudulent orders of rare Nike basketball shoes from Nike's manufacturing partners in China and to purloin and to sell those shoes after they arrived at Nike's Worldwide Headquarters in Beaverton, Oregon.  Defendant served as the intermediary between HO and other individuals who sold the stolen shoes directly to collectors.

Over the course of the conspiracy, spanning from mid-2012 through the spring of 2014, defendant and HO sold approximately 733 pairs of stolen shoes for a total profit of more than $763,000.  The vast majority of their sales were to just one buyer: their co-conspirator JASON MICHAEL KEATING, a dealer operating out of Ft. Myers, Florida.  Because the shoes in question were produced in very limited runs and never for sale, they commanded prices from basketball-shoe collectors—so-called "sneakerheads"—that were typically 5 to 15 times the retail prices for comparable Nike shoes.  Defendant himself pocketed nearly $200,000 in profits from

---

[1] Defendant anticipatorily satisfied the money judgment with the delivery of a cashier's check in the amount of $50,000 to the United States Secret Service on January 15, 2015.

**Government's Sentencing Memorandum**                                                                              **Page 2**

this scheme, while HO realized nearly $600,000.   (The government has not determined how much KEATING ultimately made from his direct sales of the shoes to collectors.)

## II.    GUIDELINES APPLICATION AND SENTENCING RECOMMENDATION

Base Offense Level (USSG § 2B1.1(a)(2), (b)(1)(H)) ..............................20
Adjustment for Acceptance of Responsibility (§ 3E1.1)........................... -3
Total Offense Level ................................................................................17
<u>Defendant's Criminal History</u>......................................................<u>I (0 points)</u>

The foregoing Guideline calculation yields an advisory sentencing range of 24 to 30 months.   In light of defendant's prompt acceptance of responsibility for the full scope of the scheme, his extraordinary assistance with the ensuing investigation, his payment of restitution, and his forfeiture of his ill-gotten gains, however, the government recommends that the Court vary downward from the Guideline range by the equivalent of nine levels and impose a sentence of five years' probation. A nine-level variance would place defendant in Zone A on the Sentencing Table and would not require imposition of home confinement or other alternatives to incarceration under USSG § 5C1.1.

The government recognizes that a request for a downward variance of this magnitude is unusual and that the victim of the offense, Nike, Inc., will advocate for a sentence of imprisonment.[2]   The abuse of trust and the scale of both the theft and unjust enrichment that this scheme entailed surely justify a presumption of incarceration, but defendant's relatively limited role in the offense and his conduct following its discovery militate against such a resolution in his particular case.

---

[2] Nike has advised the government through counsel that it intends to address the Court at sentencing. As the victim of this theft offense, Nike has "[t]he right to be reasonably heard at any public proceeding in the district court involving . . . sentencing."   18 U.S.C. § 3771(a)(4).

**Government's Sentencing Memorandum**                                                                                   **Page 3**

With respect to defendant's role in the offense, it is clear that he was far less actively involved than HO. Defendant neither fraudulently ordered the shoes from Nike's factories nor stole them from Nike's campus. (He did nevertheless use knowledge he had gained as a Nike employee to facilitate the scheme of which those criminal acts were an essential part.) Defendant also took a much smaller share of the illegal proceeds than HO, who made three times as much while simultaneously taking home a hefty salary from Nike.

Defendant was also much quicker to accept responsibility and to cooperate in the investigation than either HO or KEATING.[3] As soon as he realized the scheme had come to light, defendant quickly took a series of affirmative steps to disclose his culpability and to make things right: He provided both a comprehensive narrative and impressively detailed records of his illegal transactions; he filed amended tax returns and paid income taxes on his illicit proceeds; he returned the misappropriated Nike shoes in his possession; and he assisted in the gathering of additional evidence pertinent to resolving the case. He also readily agreed to full restitution as well as the forfeiture of proceeds he no longer had. Following his guilty plea, defendant even addressed a group of Portland middle-school students about how he became involved in the criminal conspiracy and about his experience with the criminal justice system. He spoke compellingly and accessibly to the two dozen seventh- and eighth- graders about the ruinous temptation of easy money and the importance of accepting responsibility for one's bad acts. After his presentation, he expressed a desire to take his message to other groups.

Defendants often seek reduced sentences in light of their post-offense rehabilitation. It is not unusual in our district for defendants to receive such consideration. What is unusual—indeed, unique in the undersigned prosecutor's experience—is the degree of rehabilitation and unqualified

---

[3] The trial of HO and KEATING is currently scheduled for April 21, 2015.

**Government's Sentencing Memorandum**                                                                 **Page 4**

remorse demonstrated by defendant in this case. Defendant has never been implicated in any other criminal conduct and poses no meaningful risk of recidivism. A nine-level downward variance and a sentence of probation are warranted to reflect "the history and characteristics of the defendant" and "to promote respect for the law," which values cooperation with law enforcement and acceptance of responsibility even as it seeks to deter and punish crime. 18 U.S.C. § 3553(a)(1), (a)(2)(A).

### III.  CONCLUSION

For the reasons set forth above and in keeping with the parties' plea agreement, the government recommends that defendant be sentenced to five years' probation under the standard conditions of supervision.

DATED this 25th day of March 2015.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

/s/ *Ryan Wesley Bounds*
RYAN W. BOUNDS, OSB #00012
Assistant United States Attorney